UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DARYEL PARKER OLIVER,            )
                                 )
              Plaintiff,         )
                                 )
        v.                       )   No. 4:06CV650(JCH)
                                 )
LANA EVELYN CAMP,                )
JULIE WONDERLUCK,                )
                                 )
              Defendants.        )

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daryel Parker Oliver (registration no. 47693-019), an inmate at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville), for leave to commence this action without payment of the required filing fee [Doc. #1]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $6.50. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must

assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  See 28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $32.50, and an average monthly account balance of $12.23.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $6.50, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the

action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Lana Evelyn Camp and Julie Wonderluck. Briefly, plaintiff alleges that the defendants "knowingly and conspiring [sic], gave false information to secure the arrest warrant, [and]

3

Grand Jury indictment." As a consequence, plaintiff asserts that he was exposed to "public hatred, contempt, and ridicule."

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To state a claim under 42 U.S.C. § 1983 plaintiff must establish that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person operating under color of state law. 42 U.S.C. § 1983; Parrat v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Defendants Camp and Wonderluck are private, non-governmental party and there is no indication that either Camp or Wonderluck acted in concert with any public official. Therefore, the defendants cannot be said to have acted under color of state law in violation of § 1983.

Furthermore, while the Eighth Circuit Court of Appeals has not addressed the matter, most circuit courts have held that witness immunity applies to witness testimony before the grand jury. Lyles v. Sparks, 79 F.3d 372, 378 (4th Cir. 1996); Frazier v. Bailey, 967 F.2d 920, 931 n. 12 (1st Cir. 1992); Anthony v. Baker, 955 F.2d 1395, 1400-01 (10th Cir. 1992);See Grant v. Hollenbach, 870 F.2d 1135, 1139 (6th Cir. 1989); Little v. City of Seattle, 863 F.2d 681, 684 (9th Cir. 1989); Strength v. Hubert, 854 F.2d 421, 423 (11th Cir. 1988), overruled on other

4

grounds, Albright v. Oliver, 510 U.S. 266 (1994); San Filippo v. U.S. Trust Co., Inc., 737 F.2d 246, 254 (2d Cir. 1984); Kinkaid v. Eberle, 712 F.2d 1023, 1023-24 (7th Cir. 1983); Briggs v. Goodwin, 712 F.2d 1444, 1448-49 (D.C. Cir. 1983). This Court agrees with these courts that the rationale of Briscoe v. LaHue, 460 U.S. 325, 345-46 (1983), applies with equal force to testimony given by a witness before a grand jury. Therefore, plaintiff's § 1983 claim against the defendants should be dismissed.

Because plaintiff is incarcerated in Illinois and defendant allegedly resides in Missouri, the Court will consider whether jurisdiction exists for a state law defamation claim under 28 U.S.C. § 1332 (diversity of citizenship). For purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977). With respect to the domicile of prisoners - like plaintiff - the rule is that there is a rebuttable presumption that a prisoner does not acquire a new domicile in the state of his incarceration, but retains the domicile he had prior to his incarceration. Id., at 250-51. To rebut the presumption that he retains his pre-incarceration domicile, a prisoner must "show truly exceptional circumstances" and "introduce more than 'unsubstantiated declarations.'" Id. at 251. Moreover, the prisoner must "allege facts sufficient to raise a substantial question about the prisoner's intention to

5

acquire a new domicile." Id.

In the instant case, the Court notes that plaintiff came to Missouri in December 2001 while under supervised release by the United States District Court for the Northern District of Georgia. United States v. Oliver, 4:01CR502(JCH). This Court accepted jurisdiction over plaintiff pursuant to 18 U.S.C. § 3605. Consequently, plaintiff's pre-incarceration domicile is Missouri. There are no allegations in the complaint that raise a substantial question about plaintiff's intention to acquire a new domicile. Therefore, the complaint does not adequately allege complete diversity of citizenship between plaintiff and the defendants. Therefore, this Court lacks jurisdiction over any state law claims plaintiff may wish to assert against the defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.50 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 25th day of April, 2006.


                /s/ Jean C. Hamilton
                **UNITED STATES DISTRICT JUDGE**